Shoe Sundries, Inc. ⎫
     vs.     ⎬ Law No. 84949.
The Honorbilt, Inc. ⎭

June 21, 1932.

CHURCHILL, J. Heard on motion for a new trial after verdict for the plaintiff for $1,085.64.

The action was to recover for failure to take merchandise manufactured and shipped the defendant under written contract. The order was cancelled by the defendant on June 11, 1930.

The Court charged the jury that if they found that the goods had been manufactured before that date, and certain other issues were found for the plaintiff, the plaintiff would be entitled to a verdict, but if the jury found that the manufacture of the goods had not been completed prior to that date, the plaintiff would not be entitled to recover.

The only point raised on the argument for a new trial on behalf of the defendant was that the verdict was not sustained by the evidence in this respect.

Nathan V. Leavett, a salesman who took the order, was the only witness who testified on this aspect of the case. In direct examination he stated that the goods "were made up prior to the letter (letter of June 11th). When the letter was sent they cannot cancel spats. They were made up by that time."

On cross-examination, he testified that he "was not there to see it." When interrogated as to his personal knowledge of the date of completion of manufacture, he stated that he did not know when the goods were manufactured, and further testified: "I wasn't there when they were made, but I know when they might be made because when they receive an order and it becomes an order, they generally make it, because they are waiting. It is slack time. To say I am positive, no."

The correspondence between the parties which was put in evidence contains nothing on this point until after June 11, 1930. On the 11th the order was cancelled. The plaintiff replied on the 13th of June but was silent on the matter of the completion of the order. On July 25th, for the first time the plaintiff claimed that the order had been completed, saying: "These spats are made up and we cannot see our way clear to accept cancellation."

No other testimony was put in by the plaintiff on this point. On this state of the case it is clear the plaintiff has not sustained the burden of proof on the issue in respect to the date of the completion of the order.

The verdict does not do justice between the parties. The motion for a new trial is granted.

For plaintiff: F. J. O'Brien, Corrigan, Boyle.

For defendant: Max Winograd.